IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 2:16-cr-00174

CHARLES YORK WALKER, JR.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's Motion for Recusal [ECF No. 57]. For the reasons stated below, the motion is **DENIED**.

## BACKGROUND

On September 13, 2016, the grand jury in the Southern District of West Virginia returned a six-count indictment against the defendant, Charles York Walker, Jr., in this case. Indictment [ECF No. 18]. The indictment charges the defendant with three counts of distributing heroin, in violation of 18 U.S.C. § 841(a)(1), two counts of distributing fentanyl, in violation of 18 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *Id.*

Subsequently, the defendant and the government entered into a plea agreement. The defendant agreed to plead guilty to a separate, single-count

information (case No. 2:17-cr-10), and the government agreed to move the court to dismiss the six-count indictment in this case. Plea Agreement, No. 2:17-cr-10 [ECF No. 9]. The information charged the defendant with a single count of distributing heroin, in violation of 18 U.S.C. § 841(a)(1). Information, No. 2:17-cr-10 [ECF No. 1]. At the defendant's plea hearing, I accepted the defendant's guilty plea to the single-count information but deferred acceptance of the plea agreement until I had reviewed the Presentence Investigation Report ("PSR"). Plea Hr'g, No. 2:17-cr-10 [ECF No. 4]. The plea agreement included a stipulation of facts in which the defendant and the government stipulated to certain criminal conduct of the defendant that amounted to drug trafficking. Plea Agreement at Ex. B, No. 2:17-cr-10.

After reviewing the defendant's PSR, I rejected the defendant's plea agreement, finding that it was not in the public interest. *United States v. Walker*, No. 2:17-cr-10, 2017 WL 2766452 (S.D. W. Va. June 26, 2017) ("the Memorandum"). After I rejected the plea agreement, the defendant withdrew his guilty plea as to the single-count information. Hr'g, No. 2:17-cr-10 [ECF No. 39]. The government then moved to dismiss the single-count information. Notice Dismissal, No. 2:17-cr-10 [ECF No. 40]. I granted the motion, and case No. 2:17-cr-10 was closed. Order, No. 2:17-cr-10 [ECF No. 41].

The government now proceeds to trial on four counts of the original indictment against the defendant. The defendant argues that the Memorandum, rejecting his plea agreement in case No. 2:17-cr-10, warrants recusal in this case. Mot. Recusal 7–

9 [ECF No. 57]. The defendant claims the Memorandum demonstrates that the court has an actual and apparent bias against him. *See id.* at 9–10.

## LEGAL STANDARD

Congress has specified many circumstances under which a judge must recuse himself from a proceeding. *See* 28 U.S.C. § 455. Two such circumstances are at issue in this case. First, any judge of the United States "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Second, any judge of the United States "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

## DISCUSSION

In a recusal motion, where the source of the alleged bias or partiality comes from judicial proceedings in the case, the "extrajudicial source limitation" applies to the analysis under both § 455(a) and § 455(b)(1). *Liteky v. United States*, 510 U.S. 540, 554 (1994) ("[W]e think that the 'extrajudicial source' doctrine . . . applies to § 455(a)."); *Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011) (recognizing that the *Liteky* Court concluded that "both § 455(a) and § 455(b)(1) carry an 'extrajudicial source' limitation"). The extrajudicial source limitation generally requires that "the bias or prejudice must 'result in an opinion on the merits [of a case] on some basis other than what the judge learned from his participation in the case.'" *Belue*, 640 F.3d at 572–73 (quoting *Liteky*, 510 U.S. at 545 n.1). It is called a "limitation" rather than a "doctrine" because the *Liteky* Court determined that an extrajudicial source of the

3

bias is neither necessary nor sufficient for recusal. *Liteky*, 510 U.S. at 554–55; *Belue*, 640 F.3d at 573 ("[T]he [*Liteky*] Court was careful to not make the extrajudicial source limitation an ironclad rule."). In expounding on the scope of the extrajudicial source limitation, the *Liteky* Court concluded that:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . [and] opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion *unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.*

*Liteky*, 510 U.S. at 555 (emphasis added) (citations omitted).

The Fourth Circuit has concluded that the *Liteky* Court set a "high bar" for recusals based on bias not stemming from an extrajudicial source. *Belue*, 640 F.3d at 573. "[I]f strong views on a matter were disqualifying—then a judge would hardly have the freedom to be a judge." *Id.* "[T]o argue that judges must desist from forming strong views about a case is to blink the reality that judicial decisions inescapably require judgment." *Id.* at 575.

In addition, the Fourth Circuit concluded that the *Liteky* Court "has made crystal clear . . . that litigants may not make the trial judge into an issue simply because they dislike the court's approach or because they disagree with the ultimate outcome of their case." *United States v. Gordon*, 61 F.3d 263, 268 (4th Cir. 1995). "[W]hile recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor." *Belue*, 640 F.3d at 574. "Dissatisfaction with a judge's

4

views on the merits of a case may present ample grounds for appeal, but it rarely—if ever—presents a basis for recusal." *Id.* at 575 (citing *Liteky*, 510 U.S. at 555).

The Fourth and Fifth Circuits, relying on the analysis in *Liteky*, have both determined that the rejection of a criminal defendant's plea agreement is not grounds for recusal under § 455. *See Gordon*, 61 F.3d at 267–68; *United States v. Mizell*, 88 F.3d 288, 300 (5th Cir. 1996). The Fourth Circuit explicitly rejected the argument that a judge "should be recused because [he] had refused to accept [a defendant's] plea agreement *in toto*." *Gordon*, 61 F.3d at 267. "Defendants enjoy no entitlement [to have their plea bargains accepted;] plea bargains impose obligations on the prosecution, not the courts." *Id.* "The district court ha[s] every right to reject the plea agreement originally submitted to it under Rule 11(e)(1)(C)."[1] *Id.* "[I]t cannot be an abuse of discretion to deny a recusal motion predicated on the district court's rejection of a plea agreement." *Id.*

Additionally, in *Gordon*, the Fourth Circuit found that recusal is not required even when a judge seeks information beyond that which is contained in a defendant's plea agreement and PSR. *Id.* at 268. After rejecting the defendant's first plea agreement, the trial court added the defendant's grand jury testimony to the record and requested a supplemental report from the Probation Office to adjust for perjurous statements made by the defendant to the grand jury. *Id.* at 266–67. The Fourth Circuit found that "[t]he district judge did nothing even remotely inappropriate at any point during th[at] case." *Id.* at 268. "Requesting additional information from the

---

[1] Now Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

5

U.S. Probation Officer is most assuredly *not* a breach of judicial impartiality." *Id.* (citing Fed. R. Crim. P. 32(b)(4)(G)). "Nor is it improper for the trial court to supplement the record by looking to extra materials such as a defendant's grand jury testimony." *Id.*; *see* U.S. Sentencing Guidelines Manual § 1B1.4 (U.S. Sentencing Comm'n 2016). The Fourth Circuit recognized that 18 U.S.C. § 3661 and U.S.S.G. § 1B1.4 provide the court wide latitude regarding what information it can properly consider when determining whether to accept a plea agreement and when deciding a defendant's appropriate sentence. *See Gordon*, 61 F.3d at 268.

In a case very similar to the present case, the Fifth Circuit held that:

> [T]o the extent that the district judge formed any opinion about [the defendant's] case based on his findings made pursuant to U.S.S.G. §§ 3C1.1, 6B1.2(a), and [Rule] 11(e),[2] it was a proper and appropriate opinion acquired in the course of judicial proceedings, in reliance on information learned during the proceedings.

*Mizell*, 88 F.3d at 300. In *Mizell*, the trial judge rejected the defendant's plea agreement, finding that the offense to which the defendant had pled guilty did not adequately reflect the gravity of her actual offense behavior. *Id.* at 298. The defendant went to trial on both the superseding indictment and the lesser information, and she was convicted in both cases. *Id.* at 291. After her first appeal, the defendant was granted a new trial on one of her convictions and sought recusal of the trial judge for her retrial because he had rejected her plea agreement and had applied an enhancement during her first sentencing.[3] *Id.* at 298–99. In rejecting these

---

[2] Now Rule 11(c) of the Federal Rules of Criminal Procedure.
[3] The defendant was convicted on her retrial and was appealing the trial judge's denial of her recusal motion.

6

arguments, the Fifth Circuit concluded that "[t]he grounds for recusal that [the defendant] assert[ed] consist[ed] of judicial rulings which the district judge was *required* to make." *Id.* at 300. The Fifth Circuit recognized that district courts have a duty to take an active role in evaluating plea agreements and that opinions formed upon the exercise of that duty are entirely proper. *Id.* The court concluded that the "district judge's rulings did not display such deepseated animosity towards [the defendant] so as to render his fair judgment impossible upon her retrial." *Id.*

Here, the defendant's recusal motion is entirely based upon the Memorandum, which consists of a judicial ruling and an accompanying opinion. *See Liteky*, 510 U.S. at 555 (distinguishing between judicial rulings and accompanying opinions). Judicial rulings alone, however, almost never constitute a basis for a recusal motion. *See id.*; *Gordon*, 61 F.3d at 267. In particular, judicial rulings rejecting plea agreements have been found not to form the basis for a recusal motion. *See Gordon*, 61 F.3d at 267; *Mizell*, 88 F.3d at 300. So, to the extent that the defendant's recusal motion "make[s] [the court] into an issue simply because [the defendant] dislike[s] the court's approach or because [he] disagree[s] with the ultimate outcome of [his] case," I **FIND** that it is without merit. *Gordon*, 61 F.3d at 268; *see, e.g.*, Def.'s Mot. Recusal 9 (alleging that the court has concluded that the defendant is "not entitled to the ordinary process of plea bargaining").

The more substantial, though still meritless, argument raised by the defendant is that the Memorandum demonstrates that I have formed negative opinions regarding the defendant based on his plea agreement and PSR, and having formed

7

such opinions, my recusal is required. For example, the defendant claims that "the Memorandum plainly shows that the [c]ourt has formed a negative opinion of Mr. Walker and his character from both the nature of the charges against him and the contents of his PSR." Def.'s Mot. Recusal 7. He also claims that the court "cannot undo the opinions and perceptions of Mr. Walker it has already formed through review and contemplation of Mr. Walker's PSR . . . ." *Id.* at 9.

It is my duty to take an active role in evaluating plea agreements, and I am not required to act simply as a rubber stamp upon the administrative system of criminal justice that has developed in this country. *See Mizell*, 88 F.3d at 300. One of the critical pieces of information for the court to consider when evaluating a plea agreement is the PSR. *See* Fed. R. Crim. P. 11(c)(3)(A); Fed. R. Crim. P. 11 advisory committee's note to 1974 amendments ("The judge may, and often should, defer his decision [to accept or reject a plea agreement] until he examines the presentence report."). The court is to maintain a critical eye throughout the process and may look to more than just the defendant's PSR. *See Gordon*, 61 F.3d at 268 (approving of the district court's consideration of the defendant's grand jury testimony as a supplement to the record and PSR); *Wasman v. United States*, 468 U.S. 559, 563 (1984) ("The sentencing court or jury must be permitted to consider any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed."). When a court defers acceptance of a plea agreement until sentencing, the court evaluates the plea agreement during the investigation to determine the defendant's proper sentence. It is proper and appropriate for the trial

8

court to rely on the information gathered during that process when it forms an opinion of the defendant and the plea agreement. With such information, the court may fully evaluate whether or not to accept the plea agreement. Recusal is only warranted when such opinions are somehow "wrongful or inappropriate" in that they "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

The defendant has not presented any persuasive argument that the opinions I expressed in the Memorandum display a deep-seated "antagonism that would make fair judgment impossible." *Id.* He seems to argue that since I have read his PSR, I cannot make fair judgments regarding his case during trial. *See* Def.'s Mot. Recusal 9 ("The Court, however, is still human and cannot be expected, objectively, to ignore or pretend that it does not know what it now already knows."). However, "[i]t has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." *Liteky*, 510 U.S. at 551. Opinions based on a thorough review of a defendant's PSR do not warrant recusal when recusal is not warranted upon remand of a case for retrial. *See Mizell*, 88 F.3d at 300.

Having concluded that the court's opinions of the defendant, as articulated in the Memorandum, are based on a proper and appropriate source, and having concluded that such opinions do not demonstrate an antagonism against the defendant that would make fair judgment impossible, I **FIND** that this argument is without merit.

9

## CONCLUSION

The defendant is unhappy that I rejected his plea agreement based on his background and history contained in his PSR. This is not a proper basis for a recusal motion for the reasons detailed above. Therefore, Defendant's Motion for Recusal [ECF No. 57] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal. The court further DIRECTS the Clerk to post a copy of this published opinion on the court's website, www.wvsd.uscourts.gov.

ENTER: September 22, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE