IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                         CRIMINAL ACTION NO. 2:16-cr-00174

CHARLES YORK WALKER, JR.,

        Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's Motion for Change of Venue [ECF No. 58]. For the reasons stated herein, the motion is **RESERVED** at this time.

BACKGROUND

### 1. Procedural History

On September 13, 2016, the grand jury in the Southern District of West Virginia returned a six-count indictment against the defendant in this case. Indictment [ECF No. 18]. The indictment charged the defendant with three counts of distributing heroin, in violation of 18 U.S.C. § 841(a)(1), two counts of distributing fentanyl, in violation of 18 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *Id.*

Subsequently, the defendant and the government entered into a plea agreement. The defendant agreed to plead guilty to a separate, single-count

information (case No. 2:17-cr-10), and the government agreed to move the court to dismiss the six-count indictment in this case. Plea Agreement, No. 2:17-cr-10 [ECF No. 9]. The information charged the defendant with the single count of distributing heroin, in violation of 18 U.S.C. § 841(a)(1). Information, No. 2:17-cr-10 [ECF No. 1]. At the defendant's plea hearing, I accepted the defendant's guilty plea to the single-count information but deferred acceptance of the plea agreement until I had reviewed the Presentence Investigation Report ("PSR"). Plea Hr'g, No. 2:17-cr-10 [ECF No. 4]. The plea agreement included a stipulation of facts in which the defendant and the government stipulated to certain criminal conduct of the defendant that amounted to drug trafficking. Plea Agreement at Ex. B, No. 2:17-cr-10.

After reviewing the defendant's PSR, I rejected the defendant's plea agreement, finding that it was not in the public interest. *United States v. Walker*, No. 2:17-cr-10, 2017 WL 2766452 (S.D. W. Va. June 26, 2017) ("the Memorandum"). After I rejected the plea agreement, the defendant withdrew his guilty plea as to the single-count information. Hr'g, No. 2:17-cr-10 [ECF No. 39]. The government then moved to dismiss the single-count information. Notice of Dismissal, No. 2:17-cr-10 [ECF No. 40]. I granted the motion, and case No. 2:17-cr-10 was closed. Order, No. 2:17-cr-10 [ECF No. 41].

The government now proceeds to trial against the defendant on four counts of the original indictment in the Southern District of West Virginia. The defendant argues that the publicity surrounding the Memorandum rejecting his plea agreement

prevents him from obtaining a fair trial in this District and that a change in venue is therefore warranted.

### 2. Publicity Surrounding the Case

After I rejected the defendant's plea agreement, several news outlets, both local and national, publicized my opinion. *See* Def.'s Mot. Recusal 3–5 fns. 1–11 [ECF No. 57] (noting that my opinion has been reported in local sources such the Charleston Gazette-Mail and national sources such as the Washington Post). The vast majority of this publicity occurred within ten days of the decision. *See id.*

A review of the publicity submitted by the defendant demonstrates that the defendant is not the primary focus of the publicity. While the publications do contain certain information regarding the defendant such as his name, the allegations against him, and some of the defendant's background information as articulated in the Memorandum, the articles primarily focus on my decision as a judge to reject the defendant's plea agreement and the broader public policy issues surrounding the opioid crisis and plea bargaining system.

## LEGAL STANDARD

The United States Constitution guarantees every criminal defendant a right to trial by an impartial jury. *See* U.S. Const. amend. VI; *Skilling v. United States*, 561 U.S. 358, 377 (2010) ("The Sixth Amendment secures to criminal defendants the right to a trial by an impartial jury."). The Federal Rules of Criminal Procedure Rule 21(a) allows a defendant to move for a change of venue when he can demonstrate that

3

"so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." Fed. R. Crim. P. 21(a).

## DISCUSSION

To determine whether transfer of venue is required due to pretrial publicity, the court must perform a two-step analysis. *United States v. Higgs*, 353 F.3d 281, 307 (4th Cir. 2003) (citing *United States v. Bakker*, 925 F.2d 728, 732 (4th Cir. 1991)). First, the court "must address whether publicity is so inherently prejudicial that trial proceedings must be presumed to be tainted." *Bakker*, 925 F.2d at 732. The Fourth Circuit has stated that "only in extreme circumstances may prejudice be presumed from the existence of pretrial publicity itself." *Id.* Ordinarily, the court "should take the second step of conducting a *voir dire* of prospective jurors to determine if actual prejudice exists." *Id.* Given the posture of this case, the court only needs to address the first step at this time.

"A presumption of prejudice . . . attends only the extreme case." *Skilling*, 561 U.S. at 381 (2010). The defendant has offered no evidence to convince me that this is such a case. In the defendant's case, there has been very little, if any, prejudicial or inflammatory publicity. The news articles do mention the defendant by name. Some state the allegations against him. Some recount his background as mentioned in my opinion. And, at least one article pulled facts about the defendant from the defendant's sentencing memorandum.[1] However, none of this exemplifies

---

[1] Erin Beck, *"There is No Justice in Bargaining Against the People's Interest": Federal Judge Rejects Drug Plea*, Charleston Gazette-Mail (June 26, 2017), http://www.wvgazettemail.com/news-cops-and-courts/20170626/there-is-no-justice-in-bargaining-against-the-peoples-interest-federal-judge-rejects-drug-plea.

inflammatory or prejudicial publicity. Additionally, four months will have elapsed between any publicity and the defendant's trial. A presumption of prejudice requiring pretrial transfer is not warranted.

## CONCLUSION

The Supreme Court has set a high bar for transferring venue of a criminal case prior to *voir dire* on the basis of pretrial publicity. The pretrial publicity must be so rampant and prejudicial that the court presumes that the jury pool is so tainted that it cannot seat an impartial jury in the original venue. I **FIND** that the pretrial publicity in the defendant's case does not require a presumption of prejudice. This is a case where the court will act consistent with the ordinary process of taking the second step by conducting *voir dire* examination to determine if actual prejudice exists. Defendant's Motion for Change of Venue [ECF No. 58] is **RESERVED**.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: September 25, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE