IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:16-cr-00174

CHARLES YORK WALKER, JR.,

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Charles Walker's Motion for Release Pending Appeal. [ECF No. 189].[1] For the reasons that follow, the motion is **DENIED**.

A judicial officer must detain a person pending appeal unless the judicial officer finds: (1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the community if released under 18 U.S.C. § 3142(b), (c); and (2) that the appeal is not for the purpose of delay and raises substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less

---

[1] The Court is not required to conduct a hearing under 18 U.S.C. § 3143. *See e.g., United States v. Stevens*, No. CR 19-350-02, 2020 WL 1888968, at *2 (E.D. Pa. Apr. 16, 2020) ("The Court did not conduct a hearing on Stevens' motion because it is not required under 18 U.S.C. §§ 3143…."); *United States v. Parry*, No. CR ELH-15-0416, 2017 WL 1386336, at *1 (D. Md. Apr. 14, 2017) ("This Memorandum Opinion addresses defendant Lori Parry's 'Motion For Release Pending Appeal'… The Motion was filed pursuant to 18 U.S.C. § 3143. No hearing is necessary to resolve the Motion.").

than the total of the time already served plus the expected duration of the process. 18 U.S.C. § 3143(b).

Section 3143(b)(2) provides mandatory detention for certain offenses, including conviction of a controlled substance offense with a maximum term of imprisonment of ten or more years. However, "[§] 3145(c) turns the situation from one of mandatory detention into one where release is possible—provided the defendant can…demonstrate that 'exceptional reasons' for release exist." *See e.g.*, *United States v. West*, No. 1:18-CR-00002, 2020 WL 2572482, at *6 (M.D. Tenn. May 21, 2020); *United States v. Cabrera*, No. 3:16-CR-238 (SRU), 2020 WL 3963887, at *2 (D. Conn. July 13, 2020); *United States v. Brizuela*, No. 1:18CR1-1, 2019 WL 5684508, at *2 (N.D.W. Va. Nov. 1, 2019). I note that both the Government and Defendant ignore completely § 3145(c), and therefore neither side addresses whether "exceptional reasons" exist for release.

Nevertheless, I cannot find by clear and convincing evidence that Defendant Walker is not likely to flee or pose a danger to the community. Defendant has been convicted of multiple felony offenses, and there is evidence that he mixed violence and threats of violence with his criminal drug and firearm activity in the instant offense. Accordingly, I do not need to reach whether "exceptional reasons" exists for release or whether Defendant raises a substantial question of law or fact. I therefore **DENY** the motion. [ECF No. 153].

The Court also remains gravely concerned about the ongoing coronavirus pandemic and has considered the risks of COVID-19 with respect to Defendant.

Defendant has provided no argument regarding COVID-19 or preexisting health conditions in his motion.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: July 23, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE