IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                               CRIMINAL ACTION NO. 2:16-cr-000174-01

CHARLES YORK WALKER, JR.,

        Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Charles York Walker, Jr.'s letter-form Motion for Compassionate Release. [ECF No. 200]. The Government has responded [ECF No. 207] and this Motion is ripe for review. The court, in deciding such motions, will consider the following: whether the defendant has exhausted his administrative remedies, has demonstrated "extraordinary and compelling reasons," is a danger to the safety of others, and the 18 U.S.C. § 3553(a) factors. In deciding what constitutes "extraordinary and compelling reasons" for release by reason of COVID-19, this court has held that a defendant must demonstrate that he has a medical condition listed by the Centers for Disease Control and Prevention as causing an increased risk of severe illness from COVID-19 and that he is at a facility which cannot effectively prevent the spread of the virus. For the reasons that follow, the Motion is **DENIED without prejudice**.

I.    Background

On February 2, 2018, I sentenced Mr. Walker was sentenced to 120 months of imprisonment to be followed by three years of supervised release for his conviction on

3 counts of distribution of a controlled substance and one count of being a felon in possession of a firearm. [ECF No. 161]. Mr. Walker is currently incarcerated in the camp site at Federal Correctional Institution Beckley ("FCI Beckley") with a projected release date of July 20, 2025. *Find an Inmate*, Fed. Bur. of Prisons, https://www.bop.gov/inmateloc (last visited Dec. 14, 2020).

Mr. Walker now petitions the court, arguing that the COVID-19 pandemic and prison conditions constitute "extraordinary and compelling reasons" for his release. Mr. Walker states that he suffers from hypertension and seizures. [ECF. No. 200 at 1].

## II. Discussion

The First Step Act "embodies Congress's intent to reduce the Bureau of Prison's ["BOP"] authority over compassionate release petitions and authorizes the district courts to exercise their independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Galloway*, No. CR RDB-10-0775, 2020 WL 2571172, at *3 (D. Md. May 21, 2020) (internal citations removed); *see also United States v. Stephenson*, No. 3:05-CR-00511, 2020 WL 2566760, at *5 (S.D. Iowa May 21, 2020) ("Unqualified deference to the BOP no longer makes sense now that the First Step Act has reduced the BOP's role.").

For me to reduce Mr. Walker's sentence under compassionate release, I must find that he has exhausted his administrative remedies, has demonstrated "extraordinary and compelling reasons," is not a danger to the safety of others, and find that his release is consistent with the § 3553(a) factors. *See e.g., United States v. Howard*, No. 4:15-CR-00018-BR, 2020 WL 2200855, at *2 (E.D.N.C. May 6, 2020);

2

U.S.S.G. § 1B1.13 (2018). Mr. Walker has not satisfied all of those requirements, and I do not reduce his sentence today.

### (a) Exhaustion

> Section 3582(c)(1)(A) provides that:
>> . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, *whichever is earlier*, may reduce the term of imprisonment . . . .

18 U.S.C. 3582(c)(1)(A) (emphasis added). Prior to the enactment of the First Step Act, only the Director of BOP could file a motion for compassionate release. The First Step Act amended this provision to permit an inmate to file a motion in federal court seeking compassionate release, provided certain circumstances were satisfied. Put plainly, the court may modify a term of imprisonment upon the earliest of one of three events:

1. When the Director of BOP has made a motion;
2. When the defendant has exhausted his or her administrative remedies with BOP and petitioned the court;
3. When 30 days have lapsed from the date of the request to BOP and defendant has petitioned the court.

*Id.*

The language of the statute is clear. There are two ways for a defendant to petition the court for compassionate release. Those two options are alternatives. With the first option, the defendant must fully complete BOP's administrative appeals process. With the second option, "the statute's plain text states only that thirty days

3

must pass after the defendant requests compassionate release from the warden. No more, no less." *United States v. Carter*, ---F. Supp.3d----, ---, No. 2:19-CR-00078, 2020 WL 3458598, at *2 (S.D. W. Va. June 25, 2020).

In this case, Mr. Walker petitioned FCI Beckley's warden on June 10, 2020 The warden responded and received a denial on June 11, 2020. [ECF No. 200, ex. 2]. Because more than 30 days have elapsed since he submitted his request, I find that Mr. Walker has satisfied the exhaustion requirement and that the Motion is ripe for review.

### (b) Extraordinary and compelling reasons for release

Once an inmate has satisfied administrative exhaustion, a court may reduce his sentence upon a finding of "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A). The Government contends that Walker has not demonstrated extraordinary and compelling circumstances because his "asserted conditions do not rise to the level of severity required under the policy statement" because he is "neither elderly nor terminally ill, nor is his condition serious enough to jeopardize his well being while incarcerated." [ECF No. 207 at 8]. While I am not bound by the policy statement in USSG §1B1.13, cmt. n.1[1], I find that Walker has not demonstrated extraordinary and compelling circumstances.

There are "disagreements [among district courts] about the precise definition of 'extraordinary and compelling reasons' justifying compassionate release."[2] *United*

---

[1] *See United States v. McCoy*, --- F.3d ---, 2020 WL 7050097 (4th Cir. 2020)
[2] The specific extraordinary and compelling reasons listed in the Sentencing Guidelines for BOP to consider include i) the defendant is suffering from a terminal or serious medical condition; ii) age of defendant; iii) family circumstances of defendant; and iv) "other reasons." U.S.S.G. § 1B1.13; *United States v. Bass*, No. 1:10-CR-166 (LEK), 2020 WL 2831851, at *3–4 (N.D.N.Y. May 27, 2020). "Following the passage of the First Step Act, courts may independently determine whether such

4

*States v. Cotinola*, No. 13-CR-03890-MV, 2020 WL 2526717, at *3 (D.N.M. May 18, 2020). But many courts, including this court, have found "'extraordinary and compelling' reasons 'supporting release on the basis of a combination of dire prison conditions and underlying health conditions that increase the likelihood of severe illness from COVID-19.'"[3] *United States v. White*, No. 2:17-CR-00198-4, 2020 WL 3244122, at *3 (S.D. W. Va. June 12, 2020) (citing *United States v. Bass*, No. 1:10-CR-166 (LEK), 2020 WL 2831851, at *7 (N.D.N.Y. May 27, 2020). I recently held in *United States v. John Delaney Wilson*, ---F. Supp.3d----, ---, No. 2:18-cr-00295, 2020 WL 4287592 at *2 (S.D. W. Va. July 27, 2020), that I should not find "extraordinary and compelling" reasons exist to grant release because of COVID-19 unless the inmate has a condition that makes him more at risk for developing a serious illness from COVID-19 and the prison where the inmate is housed has conditions such that its inmates are at a higher risk of contracting COVID-19. In deciding which conditions result in an inmate being a higher risk for serious illness from COVID-19, I will defer to CDC's list of medical conditions causing an increased risk of severe illness from COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-

---

'other reasons' are present in a given case, without deference to the determination made by BOP." *United States of America v. Thaher,* No. 17 CR. 302-3 (KPF), 2020 WL 3051334, at *4 (S.D.N.Y. June 8, 2020).

[3] "Section 1B1.13 of the United States Sentencing Guidelines contains the only policy statement issued by the Sentencing Commission pertaining to compassionate release," which has not been updated since the passage of the First Step Act. *See Bass*, 2020 WL 2831851, at *3; U.S.S.G. § 1B1.13.3 ). The United States Court of Appeals for the Fourth Circuit has clarified that district courts are not bound by the enumerated extraordinary and compelling reasons listed in Guidelines § 1B1.13 because the Guidelines have not been updated since the passage of the First Step Act. *McCoy,* --- F.3d ---, 2020 WL 7050097, at *19.)

extra-precautions/people-with-medical-conditions.html (last visited Dec. 14, 2020). Using CDC guidance will allow for more predictable standards in deciding which defendants have "extraordinary and compelling" reasons justifying release.

I will note that Attorney General William Barr has twice issued memoranda directing BOP to prioritize the use of home confinement for vulnerable inmates. *See Memorandum for Director of BOP*, https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement_april3.pdf (last visited Sept. 13, 2020) and https://www.justice.gov/file/1262731/download (last visited Sept. 13, 2020). Yet, by all accounts, BOP has resisted calls to release vulnerable inmates to home confinement. Indeed, other district courts have noted their awareness "of the growing evidence of the BOP's chronic mismanagement of its vulnerable population during the COVID-19 pandemic." *Woodard v. United States*, No. 2:12-CR-105, 2020 WL 3528413, at *3 (E.D. Va. June 26, 2020); *see also Wilson v. Williams*, 4:20-cv-00794, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the "unacceptable" percentage of positive tests at FCI Elkton and BOP's "ineffective[ness] . . . at stopping the spread"). "Even in the best run prisons, officials might find it difficult if not impossible to follow the CDC's guidelines for preventing the spread of the virus among inmates and staff: practicing fastidious hygiene and keeping a distance of at least six feet from others." *United States v. Esparza*, No. 1:07-CR-00294-BLW, 2020 WL 1696084, at *2 (D. Idaho Apr. 7, 2020) (the likelihood of contracting the virus is greater in prison than if a defendant were able to fully self-isolate at home); *see also United States v. Stephens*, 447 F. Supp. 3d 63, 65, (S.D.N.Y. Mar. 19, 2020) (discussing the heightened risk presented by a COVID-19 outbreak in a jail or prison versus the community at large). Thus, when

looking at whether an inmate is at a prison with a high risk of contracting COVID-19, it is also imperative to recognize the context and failures of BOP to stop the spread of COVID-19 in prisons.

In this case, the conditions at FCI Beckley are somewhat alarming. FCI Beckley now has 19 inmates and 3 staff who are currently positive for COVID-19. In addition, 195 inmates have recovered from COVID-19. *COVID-19 Update*, Fed. Bur. of Prison, https://www.bop.gov/coronavirus/ (last visited Dec. 16, 2020). The fact that 195 inmates have recovered from the illness demonstrates to me that COVID-19 has been an ongoing problem at FCI Beckley. *See id.* However, other factors weigh against reducing Mr. Walker's sentence. First, Mr. Walker has not presented evidence that he has a condition that makes him at risk for developing serious illness from COVID-19. The CDC considers high blood pressure a factor that *might* increase the risk of complications from COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 14, 2020). But the CDC does not include high blood pressure among the comorbidities for which an adult of any age is at an increased risk of developing a severe illness from COVID-19. *Id.* Further, the CDC does not classify seizures as an underlying condition that puts a person at risk of serious illness from COVID-19.

Finally, Mr. Walker has not alleged that his particular circumstances of confinement make him acutely vulnerable to infection. Mr. Walker expresses concerns that COVID-19 is present in his facility. Those concerns are well-founded, but a generalized fear of contracting COVID-19 does not, without more, rise to the level of extraordinary and compelling circumstances.

Because Mr. Walker has not been diagnosed with a qualifying underlying condition and because he has not demonstrated a unique likelihood of contracting COVID-19, I do not find there are extraordinary and compelling reasons justifying his release. Therefore, I need not determine whether Mr. Walker is a danger to the community, or whether the 18 U.S.C. § 3553(a) factors support a reduced sentence in this case.

I.  Conclusion

The court **DENIES without prejudice** Mr. Walker's Motion for Compassionate Release, [ECF No. 200]. The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:   December 17, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

8